IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JOHN L. BROWN & ROBERT PURNELL**　　　　　　　　　　　　**PLAINTIFFS**

**VERSUS**　　　　　　　　　　　　**CIVIL ACTION NO. 3:08cv559KS-MTP**

**NATIONAL RAILROAD PASSENGER
CORPORATION AND ILLINOIS CENTRAL
RAILROAD COMPANY**　　　　　　　　　　　　**DEFENDANTS**

## ORDER

This matter is before the court on Motion for Reconsideration **[#320]** of Order on Motion in Limine [#315]; Order on Motion for Summary Judgment [#316]; Order on Motion to Exclude Testimony of Alan Blackwell [#317]; Memorandum and Opinion filed March 28, 2011 [#318]; and Judgment filed March 28, 2011 [#319], filed on behalf of the plaintiffs. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows:

On March 28, 2011, this court entered the above referenced orders and consistent therewith, a judgment was entered that same day dismissing portions of this case with prejudice. On April 6, 2011 the plaintiffs filed the present motion to reconsider all of those rulings.

The plaintiffs have moved for "reconsideration" under both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. The Federal Rules do not recognize a "motion for reconsideration" as such. However, the Fifth Circuit has consistently stated

that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).  The proper denomination of the motion is determined by the time within which the motion is served.  If the motion is served within ten days of the rendition of judgment, it falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).  *See Ford v. Elsbury*, 32 F.3d 931, 937, n.7 (5th Cir. 1994).  The present motion was filed within ten days of rendition of the original judgment, thus it will be considered under Rule 59(e).

"A motion for reconsideration filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e) . . . . Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Edward H. Bohlin Co. v. Banning Co.*, 6 F. 3d 350, 353, 355 (5th Cir. 1993).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)(quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).  Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law.  *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002).

In ruling on such a motion, the Fifth Circuit has instructed that "a district court should consider the following nonexclusive list of factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion (2) the importance of the reconsideration of the

underlying motion to the movant's case (3) whether the reasons set forth by the movant justifying the reconsideration were available to the movant before they responded to the underlying motion and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered." *Harrigill v. U.S.A.,* 2004 WL 1595676 (S.D. Miss., June 1, 2004) (citing *Sturges v. Moore,* 73 Fed. Appx. 777, 778 (5th Cir. 2003)).

The plaintiffs have also moved for review under Rule 60 of the Federal Rules of Civil Procedure, which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > **(1)** mistake, inadvertence, surprise, or excusable neglect;
> >
> > **(2)** newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > **(3)** fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> >
> > **(4)** the judgment is void;
> >
> > **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > **(6)** any other reason justifying relief.

Additionally, Rule 60(c) provides:

**(c) Timing and Effect of the Motion.**

> **(1) Timing.** A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

> **(2) Effect on Finality**. The motion does not affect the judgment's finality or suspend its operation.

As with Rule 59(e), such a motion cannot be used to raise arguments which could, and should, have been made before the judgment issued.  Nor, can it be used to argue a case under a new legal theory.  The plaintiffs herein have provided no justifiable basis to set aside the above referenced Orders and Judgment issued in this case on March 28, 2011.

The present motion filed by the plaintiffs seeks to reargue the same facts and the application of the same law to those facts as was argued in the original motions and responses.  They are attempting a "second bite" at the apple.  Neither the facts nor the law have changed in the intervening period of entry of the judgment and the present motion.  Nor do any of the Rule 60 factors set forth above dictate a modification of this court's prior rulings.  Therefore, the court finds that the motion is not well taken and should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Reconsideration **[#320]** filed on behalf of the plaintiffs is denied.

SO ORDERED AND ADJUDGED this the 6th day of May, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE